UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

WINEZ INTERNATIONAL INC.,

                Plaintiff,

    -against-

GENESIS IMPORT AND EXPORT INC. and
WAYNE SWABY,

                Defendants.

-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 07-CV-1887 (FB) (CLP)

*Appearances*
*For Plaintiff:*
ANDREW SQUIRE, ESQ.
379 Decatur Street
Brooklyn, NY 11233

*For Defendant Wayne Swaby:*
WAYNE SWABY, *pro se*
P.O. Box 471110
Brooklyn, NY 11247

**BLOCK, Senior District Judge:**

        Wayne Swaby ("Swaby"), pro se, objects to a report and recommendation ("R&R") from Magistrate Judge Cheryl L. Pollak recommending that default judgment and an award of damages in the amount of $243,825.50 be entered against both defendants. Swaby is the owner of Genesis Import and Export Inc. ("Genesis"), which has not appeared. Swaby's objections cast no doubt on the correctness of the R&R; the Court adopts it in its entirety.

        The dispute concerns monies owed to Winez International Inc. ("Winez") by the defendants for produce that Winez delivered to Swaby's company, Genesis Import and Export, Inc. ("Genesis"), for which Genesis never paid. Winez filed a complaint on May 7,

2007, pursuant to the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. §§ 499a-499t, claiming to be the beneficiary of a PACA trust. Despite proper service, the defendants failed to file a timely answer. *See* Clerk's Entry of Default dated October 1, 2007. The plaintiff's subsequent motion for default judgment was referred to Magistrate Judge Pollak, who held a hearing regarding damages. The defendants did not appear at the hearing. Since then, Swaby has appeared pro se. Judge Pollak gave Swaby ample time to hire an attorney on behalf of himself or Genesis, which he has not. Since corporations cannot appear pro se, *see Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir. 19670 ("[I]t is settled law that a corporation cannot appear other than by its attorney."), Genesis has not appeared. Swaby was also given time to pursue settlement negotiations with the plaintiff, but they were unsuccessful.

In objecting to the amount of damages recommended by the magistrate judge, Swaby presents three arguments: (1) much of the produce that was not paid for was damaged and therefore Genesis should have received a credit to its account with Winez rather than having to pay for worthless produce; (2) Swaby did not sign forty-eight of the fifty invoices for the unpaid produce; (3) Genesis did not receive a promised credit for payments that Winston Richards ("Richards"), president of Winez, asked Swaby to make to a woman named Karen Jarvis.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B). A new hearing is not required, however. *See Grassia v. Scully*, 892 F.2d 16, 19

(2d Cir. 1989) (holding that the district court is not required "to rehear the contested testimony in order to carry out the statutory command to make the required 'determination.'" (quoting *United States v. Raddatz*, 447 U.S. 667, 674 (1980))).

The Magistrate Judge based her calculation of damages on the testimony of Richards at the hearing on damages and an affidavit submitted by Winez's bookkeeper summarizing invoices that show goods sold to Genesis and payments and credits to Genesis's account. According to these sources, the total amount invoiced was $528,340.50; after taking into account the defendants' payments and credits, the amount owed to Winez was $446,774.50. *See* Magarino Aff. at 2. Swaby later submitted a chart showing defendants' payments and credits that Winez has accepted as accurate, *see* Pulaski Aff. at 2; subtracting this agreed-upon amount from the total invoiced yields an amount owed of $243,560.50. *See* R&R at 12-13. To this sum, the magistrate judge added $265 in court costs, to which there is no objection.

Even on a charitable reading, *see In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008) ("[C]ourts are . . . to construe a pro se litigant's pleadings and motions liberally . . . ."), Swaby's objections offer no reason to conclude that the figure arrived at in the R&R is incorrect. He claims that he was not given credit for damaged produce but provides no evidence showing the amount that should be credited. Winez declined to dispute Swaby's allegation of the amount of his payments and credits even though it cut Winez's damages claim nearly in half. Swaby has provided the Court with nothing showing that he is entitled to a greater credit for damaged produce than the credit Winez has already given him.

3

Swaby's contention that he signed only two of the forty invoices in question is of no significance. PACA does not require that invoices be signed in order to preserve the seller's PACA trust. *See* 7 U.S.C. § 499e(c)(4). Although Swaby's objection can be interpreted to argue that he should be credited for the amounts of *all* of the unsigned invoices, it would be incredible to claim that thirty-eight out of forty deliveries over a period of a year and a half could have been worthless without Genesis refusing to continue to do business with Winez. Furthermore, such an argument would contradict Swaby's own estimate of his credits, a figure agreed to by the parties.

Finally, Swaby offers no evidence of payments to Karen Jarvis or of the alleged agreement between Swaby and Richards that such payments would be credited to Genesis's account with Winez; Swaby does not even allege how much he paid Karen Jarvis. Again, Winez has accepted as accurate Swaby's figures regarding how much the defendants' account should have been credited; payments to Karen Jarvis could have been included in those figures.

After a de novo review of the magistrate's recommendation, the Court adopts it in full; Swaby's motion is denied.

**SO ORDERED.**
S/ Judge Block

FREDERIC BLOCK
Senior United States District Judge

Dated: Brooklyn, New York
June 24, 2009